# MORRIS, NICHOLS, ARSHT & TUNNELL LLP

1201 NORTH MARKET STREET
P.O. BOX 1347
WILMINGTON, DELAWARE 19899-1347

(302) 658-9200
(302) 658-3989 FAX

**DAVID TEKLITS**
(302) 351-9292
(302) 498-6209 FAX
dteklits@mnat.com

The Honorable Leonard P. Stark
Chief Judge
United States District Court
District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street, Unit 26
Room 6124
Wilmington, DE 19801-3555

      Re: *Immunomedics, Inc. v. venBio Select Advisor LLC, et al.*,
          C.A. No. 17-176 (LPS)

Dear Chief Judge Stark:

      Defendant venBio Select Advisor LLC ("venBio") and Plaintiff Immunomedics, Inc. ("Immunomedics" or the "Company") jointly submit this status report as required by the Court in its March 2, 2017 Memorandum Order denying the Company's Motion for a Temporary Restraining Order and Preliminary Injunction (the "Order"). Although Behzad Aghazadeh, Scott Canute, Peter Barton Hutt, and Khalid Islam (together, the "venBio Nominees") have been named as defendants in this action, they do not join in this report as they assert that they are not subject to the personal jurisdiction of the Court.

      As the Court will recall, venBio brought suit on February 13, 2017, in Delaware Chancery Court (the "venBio Action") after the Company announced on February 10, 2017, that it had entered into a licensing transaction with Seattle Genetics, Inc. (the "Seattle Genetics Transaction"). Among other things, venBio sought to enjoin the Seattle Genetics Transaction from closing and to enjoin the Company from again postponing the annual meeting of stockholders (the "Annual Meeting"), then-scheduled for March 3, 2017. On February 17, 2017, the Chancery Court held a telephonic conference and reserved March 9, 2017 for a hearing on venBio's requested relief.

      Later in the day on February 17, 2017, Immunomedics commenced this action (the "District Court Action"), alleging that venBio violated Sections 13(d) and 14(a) of the

Securities Exchange Act in its proxy context. Count I of the complaint seeks a declaration that the proxies and votes venBio solicited in favor of its Nominees for the election of directors at the Company's Annual Meeting, are null and void. In addition to the relief sought in Count I, other counts of the complaint seek alternative forms of relief, such as the issuance of corrective disclosures and a rescheduling of the Annual Meeting (or now, a new election since the Annual Meeting took place on March 3, 2017). Immunomedics then filed a motion for temporary restraining order, which sought to reschedule the Annual Meeting. After briefing, on February 28, 2017, the Court heard argument on Plaintiff's requested relief. On March 2, 2017, the Court issued its Order denying the Company's motion.

On the morning of March 3, 2017, the Company held its Annual Meeting at which Immunomedics stockholders voted for the election of Company directors. Each of the venBio Nominees received a majority of stockholder votes cast. In addition, David Goldenberg, Cynthia Sullivan, and Brian Markison, incumbent members of the Company's Board, received a plurality, but not a majority, of stockholder votes. (Attached hereto as Exhibit A is a true and correct copy of the Final Report of the Inspector of Election for the Company's Annual Meeting.)

On the evening of the Annual Meeting, the incumbent members of the Immunomedics Board (the "Pre-Meeting Directors") filed an action in Delaware Chancery Court pursuant to Delaware General Corporation Law § 225 (the "Section 225 Action"). Count I of the Section 225 Action seeks entry of a status quo order pending a final judgment in the District Court Action, which as the Court is aware was brought on behalf of Immunomedics, at the direction of the Pre-Meeting Board, against venBio and its Nominees, and seeks invalidation of proxies secured by venBio in support of its Nominees or, alternatively, an order requiring a new election to be held based on the numerous alleged violations of federal securities laws and regulations. Count II of the Section 225 Action seeks entry of a status quo order pending a final judgment in the Section 225 Action, an action brought by the Pre-Meeting Directors (David M. Goldenberg, Brian A. Markison, Robert Forrester, Cynthia L. Sullivan, Geoffrey Fox, and Bob Oliver) under state law against venBio's Nominees (Behzad Aghazadeh, Scott Canute, Peter Barton Hutt, and Khalid Islam), which seeks a declaration that the Pre-Meeting Directors rather than venBio's Nominees are the properly elected directors of the Company or, alternatively, an order requiring a new election to be held based on the Pre-Meeting Directors' allegations of materially false and misleading statements that the Pre-Meeting Board contends irreparably harmed the election process. The Defendants in the Section 225 Action believe that the Pre-Meeting Board's allegations are meritless.

Pursuant to the schedule previously set by the Chancery Court, on March 6, 2017, venBio renewed its motion for a temporary restraining order to prevent the Company from closing the Seattle Genetics Transaction. The Chancery Court heard argument on March 9, 2017, and ruled at the conclusion of the hearing. (Attached hereto as Exhibit B is a true and correct copy of the transcript of the Chancery Court's March 9, 2017 hearing and attached hereto as Exhibit C is a true and correct copy of the Temporary Restraining Order entered by the Chancery Court.)

The Chancery Court granted venBio's requested temporary restraining order against the closing of the Seattle Genetics Transaction, but denied the other forms of relief requested by venBio in its motion for temporary restraining order. The Chancery Court did, however, recognize that the Section 225 Action is premised on the same facts that underlie this District Court Action (Tr. at 34-35) and acknowledged the "supremacy" of the federal action to determine the federal securities law claims. The Chancery Court also directed the parties to submit a status quo order in the Section 225 Action that would seat the venBio Nominees, together with Goldenberg, Sullivan, and Markison, as the Company's Board of Directors "pending the outcome of [the federal] action." Tr. at 34:2-18.

The parties to the Section 225 Action were unable to agree upon a form of status quo order and, on March 13, 2017, submitted their respective proposed forms of order to the Chancery Court. Later on March 13, the Chancery Court entered its own status quo order (the "Chancery Court's Status Quo Order") that, among other things, ordered that the venBio Nominees, along with Goldenberg, Sullivan, and Markison (collectively, the "Status Quo Board"), are the Company's Board during the pendency of the Section 225 Action and "shall have all of the rights of directors of a Delaware corporation, including the right to obtain virtually unfettered access to information about the Company." (A true and complete copy of the Chancery Court's Status Quo Order is attached hereto as Exhibit D.) Paragraph 1 of the Chancery Court Status Quo Order prevents the Status Quo Board from taking any action on behalf of the Company that is "outside the ordinary course of business." Paragraph 3 provides that "[t]he Pre-Meeting Directors, venBio, and the Majority Directors may assert the work product doctrine with respect to work by and communications with outside litigation counsel regarding the District Court Action and the venBio Action."

The Chancery Court is awaiting resolution of this action before permanently seating the venBio Nominees. The parties have differing views, outlined below, as to who controls this District Court Action and how it should now proceed.

The Status Quo Board has not yet had an opportunity to hold a meeting or retain independent counsel for the Company. Because the claims alleged in this action are the Company's claims, Defendants believe that the Status Quo Board, with the assistance of independent counsel, will need to evaluate the Company's options with respect to this action, including whether the Chancery Court's Status Quo Order gives the Status Quo Board the authority to direct this District Court Action without further relief from the Chancery Court. Thus, Defendants respectfully request that they be given an additional two weeks, until April 3, 2017, to respond to the complaint. If the Status Quo Board determines that the Company should move forward with this action rather than dismiss it, if the Chancery Court determines that this action is properly controlled by the Pre-Meeting Board or if a stockholder successfully intervenes to pursue the claims asserted in this action, Defendants intend to move to dismiss the complaint and request an expedited briefing schedule on their motion.

The Pre-Meeting Board and their counsel believe Paragraphs 1 and 3 of the Chancery Court's Status Quo Order prevent dismissal of this District Court Action and contemplate it proceeding at the direction of the Pre-Meeting Board. The Pre-Meeting Board also believes the case is not appropriate for a motion to dismiss given that the Court's March 2

ruling did not indicate that the complaint failed to state a claim.  Indeed, the Court noted that: "Should the Annual Meeting go forward and the venBio nominees replace the current Board, and should Plaintiff subsequently prove the election results were tainted, the Court can exercise its equitable power to void the results of the Annual Meeting (should such action be warranted based on a full record)."  (D.I. 20 at 6.)  If venBio wishes to pursue a motion to dismiss, the Pre-Meeting Board on behalf of the Company respectfully submits that it should proceed in parallel with expedited discovery.  Further, the Pre-Meeting Board reserves the right to amend its complaint to substitute the Pre-Meeting Board as Plaintiffs if necessary.

Counsel are available at the Court's convenience should Your Honor have any questions.

Respectfully,

*/s/ David Teklits*

David Teklits (#3221)

cc:  All counsel of record